**Erwin PEAY, Plaintiff–Appellant,**

v.

**Glen CRAIG; et al., Defendants–Appellees.**

**No. 01–16316.**

**D.C. No. CV–99–00195–LKK (DAD).**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM***

Erwin Peay appeals pro se the district court's judgment for defendants following a jury trial in his action alleging that defendants used excessive force against him in violation of the Fourth Amendment.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Peay's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We are unable to review Peay's contentions regarding the jury verdict because Peay failed to provide copies of the trial transcripts. *See* Fed. R.App. P. 10(b)(2); *Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991) (per curiam).

The district court did not abuse its discretion by denying Peay's motion for appointment of counsel because Peay failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**

**Isaac FORD, Plaintiff–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

**No. 01–16370.**

**D.C. No. CV–00–06753–REC.**

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM**

California state prisoner Isaac Ford appeals pro se the district court's judgment sua sponte dismissing his 42 U.S.C. § 1983 complaint alleging that prison officials imposed cruel and unusual punishment and deprived him of equal protection by subjecting him to several tuberculosis tests within three months. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Ford's Eighth Amendment claim because he failed to allege any facts demonstrating that any defendant was deliberately indifferent to his health and safety. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly dismissed Ford's equal protection claim because Ford failed to allege that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington,* 152 F.3d 1193, 1194–95 (9th Cir.1998) (order).

The district court did not abuse its discretion by dismissing Ford's complaint without leave to amend because further amendment would have been futile. *Cf. Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc).

**AFFIRMED.**

Michael R. OLSEN; et al., Plaintiffs—Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE; et al., Defendants—Appellees.**

No. 01–16404.

D.C. No. CV–00–00998–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).